# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Griffith, *et al.*, | Case No. 2:21-cv-01397-GMN-BNW |
| Plaintiffs, | |
| v. | **Order and Report & Recommendation re ECF No. 1** |
| Paran LLP, | |
| Defendant. | |

*Pro se* plaintiff Detrick Curtis Conerly[1] initiated this lawsuit on July 26, 2021, by filing an application to proceed *in forma pauperis* and a complaint. ECF No. 1.

Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant his request to proceed *in forma pauperis* at ECF No. 1.

The Court now screens the complaint at ECF No. 1-1.

**I.   Analysis**

  **A.  Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Mr. Conerly initiated this case along with Michael Griffith. Mr. Griffith failed to comply with the Court's order to update his address. *See* ECF No. 6 at 1. As a result, the undersigned magistrate judge recommended that he be dismissed from the case. *Id*. Because Mr. Griffith did not object to the report and recommendation within the allotted 14-day period, the district judge adopted the recommendation and, in turn, dismissed him from this case. *See* ECF No. 8.

1  § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard
2  for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668
3  F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient
4  factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft
5  v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only
6  dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of
7  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
8  2014) (quoting *Iqbal*, 556 U.S. at 678).

9        In considering whether the complaint is sufficient to state a claim, all allegations of
10  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler
11  Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
12  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
13  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
14  544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
15  But, unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro
16  se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's
17  deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

18      **B.  Screening the Complaint**

19        Plaintiff generally alleges that Defendant Paran LLP has failed to pay him and his former
20  co-plaintiff Michael Griffith any of the money stemming from a $104,880 judgment obtained by
21  Conerly and Griffith from a Pennsylvania state trial court. ECF No. 1-2 at 1. As a result, Plaintiff
22  seeks to enforce this alleged judgment under 28 U.S.C. § 1738. *Id*. Of note, he states that this
23  Court has subject matter jurisdiction under 28 U.S.C. § 1332, explaining that both Plaintiff and
24  Defendant are citizens of different states[2] and the amount in controversy amounts to at least
25  $76,000. *Id*.

---

[2] Plaintiff represents that he is resident of Pennsylvania whereas the corporate Defendant is a resident of Idaho.

A state court judgment has "the same full faith and credit in every court within the United States ... as [it has] by law or usage in the courts of such State." 28 U.S.C. § 1738; *see also Migra v. Warren City School District Board of Education,* 465 U.S. 75, 81 (1984) (noting that it is clearly established that federal courts are to give state court judgments full faith and credit). But the case law makes clear that giving a state court's judgment full faith and credit is not the same as enforcing or registering that judgment in federal court. This is because the act of enforcement or registration transforms the state court judgment into a federal judgment. Moreover, federal courts generally lack the authority to enforce or register state court judgments. *See* 28 U.S.C. § 1963.[3]

Plaintiff did not include a certified copy of the judgment. While there is a document titled "Exemplified Record from Westmoreland County" that includes three different dollar amounts, none of which exceed $150, this document simply appears to be a receipt of fees related to the Pennsylvania state case. *See* ECF No. 1-2 at 4. That said, even had Plaintiff included a certified copy, this Court lacks the authority to enforce such a judgment. This is because, as noted above, 28 U.S.C. § 1963 does not allow federal courts to enforce state-court judgments. *See Fox Painting Co. v. Nat'l Labor Relations Bd.*, 16 F.3d 115, 117 (6th Cir. 1994) ("Nothing in the language of section 1963 grants authority to a district court to register judgments of any courts other than other district courts or the Court of International Trade.").

Moreover, 28 U.S.C. § 1738, the statute under which Plaintiff moves to seek his desired relief, does **not** provide a private right of action. *See Griffith v. Paran LLP*, No. 221CV01314JAMCKDPS, 2021 WL 4123805, at *2 (E.D. Cal. Sept. 9, 2021), *report and recommendation vacated*, No. 221CV01314JAMCKDPS, 2021 WL 4442881 (E.D. Cal. Sept. 28, 2021) (citing *People of State of California ex rel. McColgan v. Bruce*, 129 F.2d 421, 424 (9th Cir.

---

[3] The pertinent part of the statute reads as follows:
> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. . . .

28 U.S.C. § 1963.

1942)) ("Neither the Full Faith and Credit Clause of the U.S. Constitution nor the corresponding statute, 28 U.S.C. § 1738, is an independent basis for federal court jurisdiction, and neither provides a private right of action.").

The Court adds that Plaintiff has filed a multitude of (unsuccessful) cases in district courts across the U.S., including California, Indiana, and Minnesota, attempting to enforce this Pennsylvania state-court judgment.[4] *See, e.g., Griffith v. Paran LLP*, 2021 WL 4123805, at *1. Plaintiff also has attempted to enforce this state-court judgment through a petition for writ of habeas corpus. *See Conerly v. Paran LLP*, No. 1:19-CV-00043-DCN, 2019 WL 3848781, at *1 (D. Idaho Aug. 14, 2019).

Accordingly, the Court recommends that this case be dismissed without leave to amend as any attempt to amend the complaint would prove futile. *See, e.g., Atkinson v. Kestell*, 954 F. Supp. 14, 15 n.2 (D.D.C. 1997) (holding that "[s]tate court judgments cannot be registered in" a district court under § 1963)); *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."). This is so because the Court lacks jurisdiction, and the statute under which Plaintiff asserts his claim to enforce a state-court judgment—28 U.S.C. § 1738—does not provide for a private right of action. *See Griffith v. Paran LLP*, 2021 WL 4123805, at *2.

## II.     Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS RECOMMENDED** that Plaintiff's complaint (ECF No. 1-1) is dismissed without leave to amend.

---

[4] The Court takes judicial notice of these other cases. *See* Fed. R. Evid. 201 (providing that courts can judicially notice "[o]fficial acts of the legislative, executive, and judicial departments of the United States" and "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy").

**III.     Notice**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 10, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE